UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THEARTIS YARBOROUGH,                           :

                    Plaintiff,                           :          02 Civ. 5257 (RJH) (DF)

    -against-                                      :          **MEMORANDUM**
                                                 **AND ORDER**
CITY OF NEW YORK, et al.,                       :

                    Defendants.                        :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action brought under 42 U.S.C. § 1983, Plaintiff Theartis Yarborough

("Yarborough" or "Plaintiff"), proceeding *pro se*, made an oral application to the Court, at a

conference on May 12, 2005, to request *pro bono* counsel to represent him. For the reasons

discussed below, Yarborough's application is granted.

<u>**BACKGROUND**</u>

On July 10, 2002, Yarborough filed a Complaint in this action. (Dkt. 2.) He also filed a

request for leave to proceed *in forma pauperis,* which the Court granted on June 28, 2002.

(Dkt. 1.)

At the time this action was filed, Yarborough was imprisoned at the Fishkill Correctional

Facility. Yarborough filed an Amended Complaint on October 2, 2002, adding as new

defendants two employees of the New York Police Department, along with "several John and

Jane Doe defendants." (Dkt. 5.) After Yarborough served the defendants through the United

States Marshals (Dkt. 6, 7, 9), defendants' counsel filed an Answer on January 24, 2003.

(Dkt. 10.)

Thereafter, discovery in the action commenced. On July 18, 2003, the Court ordered a stay of discovery pending the outcome of an appeal in Yarborough's related criminal proceeding. (Dkt. 24.) After that appeal was decided, the Court ordered discovery to resume on September 24, 2004. (Dkt. 29.) On December 8, 2004, Yarborough filed a Second Amended Complaint, which named five additional current and former employees of the New York Police Department as defendants. (Dkt. 41.) Although, according to the docket, these additional defendants have not yet been served with process, defendants' counsel has nonetheless cooperated in providing discovery with respect to these new defendants, and discovery is nearly complete.

While housed at the Fishkill Correctional Facility, Yarborough received assistance from a fellow inmate in preparing his legal papers. In the course of considering Yarborough's recent request for counsel, the Court has gone back and reviewed some of the prior submissions on which Yarborough apparently received such assistance. One of those submissions, a letter dated January 11, 2005, was styled as a "Reply in Opposition to Defendant's Motion to Dismiss," and was not accepted by the Court for filing, as no motion to dismiss was actually pending at that time. Nonetheless, the Court has now realized that this submission included within it a request for counsel. According to the inmate/"paralegal" who apparently prepared this letter, Yarborough was in need of counsel because he was a "functional illiterate" with "a very low I.Q.," mental health problems, and an inability "to handle the pressure" of litigation. (*See* letter from Yarborough to the Court, dated January 11, 2005.) The letter further stated that, on at least ten occasions, the inmate who was assisting Yarborough had written to attorneys seeking legal representation for Yarborough, without success. (*Id.*)

In February 2005, Yarborough was released from prison on parole. As a condition of his parole, Yarborough currently resides at Palladia, a drug rehabilitation center. According to Yarborough, since he has been at Palladia, he has not been able to obtain any assistance, from any source, in preparing or responding to legal papers. Further, since his release from prison, Yarborough has apparently made diligent, but unsuccessful, efforts to find an attorney to represent him in this action.[1]

On May 12, 2005, the Court held a conference with Yarborough and defendants' counsel. At that conference, Yarborough asked the Court, on the record, to request *pro bono* counsel to represent him. At the same conference, defendants' counsel informed the Court that defendants intended to file a motion for partial summary judgment. Regardless of the outcome of that motion, counsel represented that a trial would, in any event, likely be needed to resolve at least three of Yarborough's claims: claims that (1) certain defendants allegedly used excessive force in arresting Yarborough, in violation of the Eight Amendment to the Constitution; (2) certain defendants, in the course of arresting Yarborough, allegedly subjected him to an unreasonable search, in violation of the Fourth Amendment to the Constitution; and (3) certain defendants allegedly failed to intervene to stop these purported constitutional violations. Given the advanced stage of the litigation, the upcoming need for Yarborough to respond to defendants' partial summary judgment motion and represent himself at trial, and Yarborough's professed inability to obtain legal assistance at Palladia, the Court advised Yarborough that it would consider his request for counsel without any further, written application by him.

---

[1] One attorney, Matthew Flamm, Esq., contacted my chambers to inform the Court that he was considering representing Yarborough, although he ultimately decided not to do so.

## DISCUSSION

Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel. *Barzey v. Daley*, No. 99 Civ. 11917 (BSJ) (KNF), 2000 WL 959713 (S.D.N.Y. Jul. 11, 2000). The Court may, however, under 28 U.S.C. § 1915(e)(1), request an attorney to represent any person unable to afford counsel. In this case, Yarborough was granted permission to proceed *in forma pauperis* by this Court on June 28, 2002. Therefore, Yarborough has demonstrated that he is indigent and cannot afford counsel.

"In deciding whether to appoint counsel, . . . [a] district [court] should first determine whether the indigent's position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). In order to make such a determination, the Court must decide whether, "from the face of the pleadings," *Stewart v. McMikens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), the claims asserted by the plaintiff "may have merit," or the plaintiff "appears to have some chance of success." *Baskerville v. Goord*, No. 97 Civ. 6413 (BSJ) (KNF), 2001 WL 527479, at *1 (S.D.N.Y. May 16, 2001) (citations omitted); *see also Hodge*, 802 F.2d at 60-61. While the Court should not appoint counsel "indiscriminately" just because an indigent litigant makes such a request, it is not necessary for the plaintiff to demonstrate that his claims will survive a motion to dismiss or a motion for summary judgment; rather, the Court must find that the claims satisfy a "threshold showing of merit." *Hendricks*, 114 F.3d at 393-94.

At the May 12, 2005 conference with the Court, defendants' counsel conceded that at least three of Yarborough's claims would likely need to be resolved through trial. Because a trial will likely be necessary to resolve at least some of Yarborough's claims, the Court finds that

4

Yarborough has satisfied the requirement that he make a "threshold showing of merit." *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989).

Where a plaintiff satisfies the threshold requirement of demonstrating that his position may have merit, the Court should then consider: (1) the plaintiff's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the plaintiff's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in the case why appointment of counsel would be more likely to lead to a just determination. *See Hodge*, 802 F.2d at 61-62; *see also Hendricks*, 114 F.3d at 394-95 (citing *Hodge*). The Court should also consider whether the plaintiff has attempted to obtain a lawyer, and whether a lawyer is available to assist the plaintiff. *See Cooper*, 877 F.2d at 172.

Here, although Yarborough has apparently made a substantial effort to comply with discovery demands and to advance his own requests, the Court believes that he will have increased difficulty understanding what will be required of him as this case moves forward, first to defendants' anticipated motion for partial summary judgment, and then to trial. Based on the Court's interaction with Yarborough at pre-trial conferences, the Court believes that he will have difficulty understanding and arguing the legal issues in this case. The Court is also doubtful that Yarborough will be able to cross-examine witnesses effectively without assistance. In particular, Yarborough's apparently minimal ability to read and write may severely impede him from representing himself effectively. There is also at least some indication in the papers previously received by the Court that Yarborough may have mental health problems, which could also affect his ability to represent himself. Finally, although Yarborough has apparently made diligent

attempts to obtain counsel both while incarcerated and after his release on parole, he has been unable to obtain counsel to date.

In light of the foregoing, and in order for a just determination to be reached in this action, the Court finds that it would be reasonable and appropriate to afford Yarborough the benefit of *pro bono* counsel.

## CONCLUSION

For all of the above reasons, Plaintiff's application for the Court to request counsel is granted. The Pro Se Office for this judicial district is therefore directed to request *pro bono* counsel for Plaintiff, in accordance with the *pro bono* panel's procedures.

Dated: New York, New York
      May 23, 2005

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Richard J. Holwell, U.S.D.J.

Theartis Yarborough
Palladia Parole Program
1808 Third Avenue
New York, NY 10029

Sheryl A. Bruzzese, Esq.
Assistant Corporation Counsel
100 Church St.
New York, NY 10007

6